IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE G. WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE COUNTY STATE'S ATTORNEY OFFICE, LAWRENCE COUNTY SHERIFF'S OFFICE, and LAWRENCE COUNTY CLERK OF COURT,<br><br>Defendants. | CV 17-00107-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 17, 2017, Plaintiff Wayne Woods, a prisoner proceeding without counsel, filed a Complaint (Doc. 1) but did not pay the $400.00 filing fee as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. On June 19, 2018, the Court ordered Mr. Woods to either pay the filing fee or submit a motion to proceed in forma pauperis within 30 days. (Doc. 3.) Mr. Woods failed to timely respond and the case was closed on August 2, 2018. (Doc. 4.) On August 8, 2018, Mr. Woods filed a motion to proceed in

1

forma pauperis. (Doc. 5.) Accordingly, the Court will reopen this case. The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Woods's Motion to Proceed in Forma Pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a) (Doc. 5) and the request to proceed in forma pauperis will be granted. Because he is incarcerated, Mr. Woods must pay the $350.00 statutory filing fee. 28 U.S.C. § 1915(b)(1). The initial partial filing fee is waived and Mr. Woods may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Woods will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Woods must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Woods is held to forward payments from Mr. Woods's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Parties

Mr. Woods is a state prisoner proceeding without counsel. He is currently incarcerated at Montana State Prison. He names the Lawrence County State's Attorney Office, the Lawrence County Sheriff's Office and the Lawrence County Clerk of Court as Defendants. (Complaint, Doc. 1 at 1, 4-5.)

### B. Allegations

Mr. Woods files this action under the Freedom of Information Act to compel Defendants to provide him with evidence and other documents from his 1983 criminal case in Lawrence County, South Dakota.

## III. INITIAL SCREENING

### A. Standard

Mr. Woods is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

4

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

The Freedom of Information Act requires federal agencies to make

5

government records available to citizens upon request, subject to certain exemptions. *See* 5 U.S.C. § 552(a)(3)(A); § 552(b).

Mr. Woods has not identified any federal authority, nor has the Court found federal authority, conferring a federal right to access state court and state agency records. The federal laws for requesting records—i.e., the Freedom of Information Act, 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, apply only to federal agencies, and not to "state agencies or bodies." *St. Michaels Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981). Because there is no claim that gives this Court original jurisdiction and that is not being dismissed, Mr. Woods must pursue any state law claims for production of records in state court, if at all.

Based on the foregoing, the Court issues the following:

### ORDER

1. The Clerk of Court is directed to reopen this case.

2. Mr. Woods's Motion to Proceed in Forma Pauperis (Doc. 5) is GRANTED.

3. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 1). The Complaint is deemed filed November 17, 2017.

4. At all times during the pendency of this action, Mr. Woods shall immediately advise the Court of any change of address and its effective date.

Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Woods may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Woods is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of October, 2018.

                                   */s/ John Johnston*
                                   John Johnston
                                   United States Magistrate Judge